FILED
DISTRICT COURT OF GUAM
JUL 13 2005
MARY L.M. MORAN
CLERK OF COURT

**DISTRICT COURT OF GUAM**
**TERRITORY OF GUAM**

RONALD CHIGUINA MENO,

    Defendant-Petitioner,

vs.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.

Criminal Case No. 98-00022
Civil Case No. 05-00004

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
**[28 U.S.C. § 2255]**

    Petitioner Ronald Chiguina Meno ("Petitioner") filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Petitioner claims that in light of the Ninth Circuit's decision in *United States v. Cabaccang*, 332 F. 3d 622, *clarified by* 341 F.3d 905 (9th Cir. 2003) (en banc) his conviction is invalid. After careful consideration of the matter, the Court finds no basis for the relief as requested and DENIES the Petitioner's motion.

## I. BACKGROUND

    On February 18, 1998, Petitioner pled guilty to one count of Attempted Importation of Crystal Methamphetamine, in violation of 21 U.S.C. §§ 952(a) and 963. At the time of his plea, Petitioner stipulated to the facts contained in his plea agreement that he obtained crystal methamphetamine or "ice" from California and intended to "import it into Guam." Plea Agreement at ¶ 7.

    On March 10, 1999, the Court sentenced Petitioner to ninety-seven (97) months imprisonment. The judgment of conviction was entered on the docket on March 12, 1999. Petitioner did not file a notice of appeal within ten (10) days after entry of the Court's judgment. His conviction became final on March 22, 1999. *See* FED. R. APP. P. 4(b); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2000) (holding that a conviction is final if a notice of appeal is not filed

| | |
|---|---|
| 1 | Here, Petitioner initially filed this motion on January 19, 2005. Thus, for the motion to be |
| 2 | timely, Petitioner must show that one of the four events listed in paragraph six occurred on or after |
| 3 | January 19, 2004. The first subsection of paragraph six does not apply because Petitioner's judgment |
| 4 | of conviction became final on March 22, 1999, almost six years before Petitioner filed the motion. |
| 5 | The second subsection does not apply because nothing in Petitioner's motion suggests the removal |
| 6 | of any governmental action that was previously impeding him from bringing the motion. The third |
| 7 | subsection does not apply because *Cabaccang* is not a Supreme Court decision recognizing a new |
| 8 | constitutional right. The fourth subsection does not apply because Petitioner's claim is not supported |
| 9 | by newly discovered facts. As none of the four events listed in paragraph six of § 2255 occurred |
| 10 | within one year of Petitioner's motion, the motion is not timely.[3] |
| 11 | Moreover, even if the Court were to assume *arguendo* that the *Cabaccang* decision triggers |
| 12 | a new one-year period in which to file a motion, Petitioner failed to bring his claim within one year |
| 13 | of that decision. *Cabaccang* was issued on June 6, 2003 and the Petitioner filed his § 2255 petition |
| 14 | on January 19, 2005, approximately one and a half years later. Accordingly, Petitioner's motion |
| 15 | would still be untimely. |
| 16 | /// |
| 17 | /// |
| 18 | /// |
| 19 | /// |
| 20 | /// |
| 21 | /// |
| 22 | /// |
| 23 | /// |
| 24 | /// |

---

[3] If Congress had wanted to permit decisions like *Cabaccang* to trigger a new one-year period, Congress simply could have included an additional subsection to paragraph six of § 2255, explicitly stating that the one-year period should begin to run on the date on which the Supreme Court or any circuit court initially announced a more narrow construction of the federal statute under which the petitioner is convicted. But paragraph six contains no such provision.

## III. DISPOSITION

For the reasons stated above, the Court DENIES Petitioner's motion.

IT IS SO ORDERED.

DATED: July 7, 2005

*David O. Carter*
DAVID O. CARTER*
United States District Judge

Notice is hereby given that this document was entered on the docket on July 23, 2005 No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: Marilyn B. Alcon  7-13-05
Deputy Clerk     Date

---

* The Honorable David O. Carter, United States District Judge for the Central District of California, by designation.